Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Derek S. Kerr**
Debtor(s)

Bankruptcy Case No.: 19–10852–TPA
Per September 1, 2020 Proceeding
Chapter: 13
Docket No.: 80 – 12, 44, 65
Concil. Conf.: 12/1/20 at 10:30 AM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated September 5, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

- ☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

- ☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

- ☑ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on 12/1/20 at 10:30 AM, in remotely by the Trustee via Zoom, how to participate:goto www.ch13pitt.com, meetings@chapter13trusteewdpa.com.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

- ☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

- ☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

- ☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

- ☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

- ☑ H. Additional Terms: 1) No payments to Toyota Motor Credit (Claim No. 5) but prior payments are proper.

    2) No payments to One Main Financial (Claim No. 8) as vehicle surrendered.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Thomas P. Agresti, Judge
United States Bankruptcy Court

Dated: September 8, 2020

cc:  All Parties in Interest to be served by Clerk in seven (7) days

```
                         United States Bankruptcy Court
                         Western District of Pennsylvania
In re:                                                              Case No. 19-10852-TPA
Derek S. Kerr                                                       Chapter 13
         Debtor
                              CERTIFICATE OF NOTICE
District/off: 0315-1          User: jmar                  Page 1 of 2        Date Rcvd: Sep 08, 2020
                              Form ID: 149                Total Noticed: 23


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 10, 2020.
db             +Derek S. Kerr,    8 Elm Drive,    Brookville, PA 15825-1010
15110084       +Cap1/cabelas,    4800 Nw 1st Street,    Lincoln, NE 68521-4463
15110089       +Pa Sta Empcu,    P.o. Box 1006,    Harrisburg, PA 17108-1006
15110091       +S & T Bank,    800 Philadelphia,    Indiana, PA 15701-3908
15127769       +S&T Bank,    c/o S&T Bank Consumer Collections,    355 North Fifth St.,    Indiana, PA 15701-1940
15110094       +Toyota Motor Credit,    Po Box 9786,    Cedar Rapids, IA 52409-0004
15132630       +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 09 2020 04:04:00
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15142188       +E-mail/Text: g20956@att.com Sep 09 2020 04:07:02       AT&T Mobility II LLC,
                 %AT&T SERVICES INC.,    KAREN A. CAVAGNARO PARALEGAL,    ONE AT&T WAY, SUITE 3A104,
                 BEDMINSTER, NJ. 07921-2693
15117458        E-mail/Text: G06041@att.com Sep 09 2020 04:06:55       Directv, LLC,
                 by American InfoSource as agent,    PO Box 5072,    Carol Stream, IL 60197-5072
15117725        E-mail/Text: mrdiscen@discover.com Sep 09 2020 04:05:43       Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH 43054-3025
15110085       +E-mail/Text: mrdiscen@discover.com Sep 09 2020 04:05:43       Discover Fin Svcs Llc,
                 Po Box 15316,    Wilmington, DE 19850-5316
15110086       +E-mail/Text: bknotice@ercbpo.com Sep 09 2020 04:06:41       Enhanced Recovery Co L,
                 Po Box 57547,    Jacksonville, FL 32241-7547
15142110        E-mail/PDF: cbp@onemainfinancial.com Sep 09 2020 04:04:19       ONEMAIN,    PO BOX 3251,
                 EVANSVILLE, IN. 47731-3251
15110088       +E-mail/PDF: cbp@onemainfinancial.com Sep 09 2020 04:03:52       Onemain,    Po Box 1010,
                 Evansville, IN 47706-1010
15141694        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 09 2020 04:04:00
                 Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
15110090       +E-mail/Text: bankruptcyteam@quickenloans.com Sep 09 2020 04:06:53       Quicken Loans,
                 1050 Woodward Ave,    Detroit, MI 48226-1906
15123983       +E-mail/Text: bankruptcyteam@quickenloans.com Sep 09 2020 04:06:53       Quicken Loans Inc.,
                 635 Woodward Ave.,    Detroit, MI 48226-3408
15110092       +E-mail/PDF: gecsedi@recoverycorp.com Sep 09 2020 04:04:20       Syncb/lowes,    Po Box 956005,
                 Orlando, FL 32896-0001
15110093       +E-mail/PDF: gecsedi@recoverycorp.com Sep 09 2020 04:04:20       Syncb/walmart Dc,    Po Box 965024,
                 Orlando, FL 32896-5024
15110669       +E-mail/PDF: gecsedi@recoverycorp.com Sep 09 2020 04:04:51       Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15149020       +E-mail/PDF: gecsedi@recoverycorp.com Sep 09 2020 04:04:51       Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk VA 23541-1021
15142043        E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Sep 09 2020 04:16:41       Verizon,
                 by American InfoSource as agent,    PO Box 4457,    Houston, TX 77210-4457
                                                                                               TOTAL: 16

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              PSECU
cr              Quicken Loans Inc.
15110087      ##+Megan N. Kerr,    8 Elm Drive,    Brookville, PA 15825-1010
                                                                                  TOTALS: 2, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.   Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 10, 2020                                         Signature:  /s/Joseph Speetjens

```
District/off: 0315-1          User: jmar                    Page 2 of 2          Date Rcvd: Sep 08, 2020
                              Form ID: 149                  Total Noticed: 23
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 8, 2020 at the address(es) listed below:

```
          Garry Alan Masterson    on behalf of Creditor    PSECU pitecf@weltman.com
          James   Warmbrodt    on behalf of Creditor    Quicken Loans Inc. bkgroup@kmllawgroup.com
          Kenneth P. Seitz    on behalf of Debtor Derek S. Kerr thedebterasers@aol.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                            TOTAL: 5
```